UNITED STATES DISTRICT COURT
                       DISTRICT OF MINNESOTA
                       Civil No. 08-447(DSD/JJG)

Curtis J. Middleebrooks,

          Plaintiff,

v.                                                    **ORDER**

Interstate Credit Control, Inc.,

          Defendant.

     Mark L. Vavreck, Esq. and Scrimshire, Martineau, Gonko &
     Vavreck, 401 North Third Street, Suite 600, Minneapolis,
     MN 55401, counsel for plaintiff.

     Brian M. Sund, Esq., Eric G. Nasstrom, Esq., Joshua G.
     Hauble, Esq. and Morrison, Fenske & sund, 5125 County
     Road 101, Suite 102, Minnetonka, MN 55345, counsel for
     defendant.


     This matter is before the court on defendant's motion to dismiss.  After a review of the file, record and proceedings herein, and for the following reasons, defendant's motion is granted.


                              **BACKGROUND**

     At an unspecified date before July 2001, plaintiff Curtis Middlebrooks[1] ("Middlebrooks") incurred a debt with Carriage Oak

---

    [1] The caption of the complaint lists plaintiff's last name as "Middleebrooks." This spelling, however, appears to be a typographical error because paragraph three of the complaint and plaintiff's opposition memorandum lists his last name as
                                                      (continued...)

Apartments. That debt was later transferred to defendant Interstate Credit Control, Inc. ("ICC") for collection. Because Middlebrooks made no payment on the debt after July 31, 2001, the debt eventually became stale pursuant to the applicable six-year statute of limitations. See Minn. Stat. § 541.05, subdiv. 1.

On October 19, 2007, Middlebrooks filed a Voluntary Petition for bankruptcy under Chapter 13 of the Bankruptcy Code. (Def. Ex. A.[2]) The petition listed ICC as a creditor holding an unsecured nonpriority claim. As a result, ICC received a notice of Middlebrooks's petition identifying the deadline for filing a proof of claim. (Def. Ex. B.) On October 29, 2007, ICC submitted a proof of claim to collect $1,371.21 for "rent, cleaning, late fee, etc." (Def. Ex. C.) Middlebrooks filed this action on February 21, 2008, alleging that ICC violated the Fair Debt Collection Practices Act ("FDCPA") by filing a proof of claim on a stale debt. ICC now moves to dismiss the complaint.

---

[1](...continued)
"Middlebrooks." Thus, the court refers to plaintiff as "Middlebrooks."

[2] The court considers the petition because it is "necessarily embraced by the pleadings." See Enervations, Inc. v. Minn. Mining & Mfg. Co., 380 F.3d 1066, 1069 ("Though matters outside the pleading may not be considered in deciding a Rule 12 motion to dismiss, documents necessarily embraced by the complaint are not matters outside the pleading." (citations and quotations omitted)).

**DISCUSSION**

## I. Standard of Review

Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement does not require detailed factual allegations so long as it "give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). However, a court will dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failing to state a claim upon which relief can be granted if, after taking all facts alleged in the complaint as true, those facts fail "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007). Dismissal is appropriate pursuant to Rule 12(b)(6) if "the allegations show on the face of the complaint there is some insuperable bar to relief." Benton v. Merrill Lynch & Co., 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted).

## II. Fair Debt Collection Practices Act Claim

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). To accomplish this goal, the FDCPA prohibits a debt collector's use of "any false, deceptive, or misleading representation[s] or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

3

This includes falsely representing "the character, amount, or legal status of any debt," or threatening "to take any action that cannot legally be taken or that is not intended to be taken." Id. §§ 1692e(2)(A) and 1692e(5). Absent "a threat of litigation or actual litigation, no violation of the FDCPA has occurred when a debt collector attempts to collect on a potentially time-barred debt that is otherwise valid." Freyermuth v. Credit Bureau Servs., 248 F.3d 767, 771 (8th Cir. 2001). Here, Middlebrooks argues that the filing of a proof of claim in a bankruptcy proceeding for a time-barred debt constitutes "a threat of litigation or actual litigation." The court, however, need not reach this issue.

The FDCPA and Bankruptcy Code overlap but generally coexist peaceably. See Randolph v. IMBS, Inc., 368 F.3d 726 (7th Cir. 2004). However, where the alleged misconduct giving rise to an FDCPA claim occurred as part of the bankruptcy proceedings, "allowing a bankrupt debtor to assert an FDCPA claim could potentially undermine the Bankruptcy Code's specific provisions for administration of the debtor's estate." Molloy v. Primus Auto. Fin. Servs., 247 B.R. 804, 820 (C.D. Cal. 2000). In other words, permitting an FDCPA action based on a bankruptcy proof of claim "could discourage creditors from filing claims ... and encourage debtors to ignore the procedural safeguards within the Bankruptcy Code, such as the right to object to proofs of claim and to seek sanctions against creditors who violate provisions within the

4

Bankruptcy Code, in favor of the FDCPA." <u>Rice-Etherly v. Bank One (In re Rice-Etherly)</u>, 336 B.R. 308, 312 (Bankr. E.D. Mich. 2006) (citation and quotation omitted). Thus, "an FDCPA claim cannot be premised on proofs of claim filed during the bankruptcy proceedings." <u>Gray-Mapp v. Sherman</u>, 100 F. Supp. 2d 810, 814 (N.D. Ill. 1999) (citation omitted); <u>see also</u> <u>In re Varona</u>, No. 07-71761, 2008 Bankr. LEXIS 1544, at *35-36 (Bankr. E.D. Va. 2008) (gathering cases); <u>Abramson v. Federman & Phelan, LLP (In re Abramson)</u>, 313 B.R. 195, 198 (Bankr. W.D. Pa. 2004) (once debtor in bankruptcy, challenges to proofs of claim limited to those provided in Bankruptcy Code). Therefore, the FDCPA provides no remedy to Middlebrooks for ICC's allegedly wrongful proof of claim. Accordingly, **IT IS HEREBY ORDERED** that ICC's motion to dismiss [Doc. No. 3] is granted.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  July 9, 2008

<u>s/David S. Doty</u><br>
David S. Doty, Judge<br>
United States District Court